IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

BRIAN KNIGHT,

    Plaintiff,

v.                                          Civil Action No. 1:20-CV-254
                                            (JUDGE KLEEH)

CANDICE MCLAUGHLIN,

    Defendant.

**REPORT AND RECOMMENDATION RECOMMENDING THAT
DEFENDANT'S MOTION TO DISMISS, MOTION FOR CHANGE
OF VENUE, AND MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE
PLEADING [ECF NO. 7] BE GRANTED IN PART AND DENIED IN PART**

This matter is before the undersigned Magistrate Judge pursuant to a referral order [ECF No. 5] entered by Honorable United States District Judge Thomas S. Kleeh on December 3, 2020. Pending before the Court is Defendant's motion containing requests for several forms a relief – Motion to Dismiss for Lack of Personal Jurisdiction, Motion for Change of Venue, and Motion for Extension of Time to File Responsive Pleading Until Preliminary Matters Are Resolved, filed on December 14, 2020. [ECF No. 7]. On December 28, 2020, Plaintiff filed a response in opposition, thereto. [ECF No. 10]. Plaintiff argues that this Court has personal jurisdiction in this matter and is a proper venue for the dispute. Plaintiff also argues that Defendant should receive no special consideration in further scheduling or timing of proceedings here.

Defendant asserts that personal jurisdiction is improper in this Court, and in the alternative, argues that if personal jurisdiction lies, then venue is proper not here in the United States District Court for the Northern District of West Virginia but instead in the United States District Court for the Middle District of Florida, at the Orlando point of holding court, because Plaintiff resides in Orlando, Florida. Finally, Plaintiff requests time to file a responsive pleading in the instant matter

1

should the issues of personal jurisdiction and venue not be decided in her favor, and for 60 days' notice before scheduling further proceedings should Defendant be required to further appear in this matter.

## I. BACKGROUND

Plaintiff initiated this matter by filing a Complaint in which he asserted a single claim, for defamation. [ECF No. 1]. Plaintiff asserted that jurisdiction is proper in this Court based on diversity of citizenship and that venue is proper in this Court because events giving rise to his claim occurred in the Northern District of West Virginia. Id. More specifically, Plaintiff states that he is a resident of Morgantown, West Virginia, in the Northern District of West Virginia and that Defendant now is a resident of Florida. Plaintiff alleges that Defendant published defamatory statements to a Facebook group in which Defendant falsely, according to Plaintiff, accused Plaintiff of sexually assaulting Defendant's daughter during a time when Defendant's daughter was a minor child. Plaintiff further alleges that these statements were published to several hundred people within the Facebook group and that the statements then were shared with others beyond that Facebook group.

## II. PERSONAL JURISDICTION

The undersigned here determines that personal jurisdiction lies against Defendant. When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately a plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a

plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). See also New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir.1993); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether a plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the requirements of the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d 619, 627–28 (4th Cir. 1997) (citation omitted). Therefore, the Court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well-established that the exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if such a party has sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). When assessing the "minimum contacts," courts should consider whether a "defendant's contacts with the forum also provide the basis for the suit." Carefirst, 334 F.3d at 397. Moreover,

"[i]n dealing with a tort allegation, a court may exercise specific personal jurisdiction over a non-resident defendant acting outside of the forum when the defendant has intentionally directed his tortious conduct toward the forum state, knowing that that conduct would cause harm to a forum resident." Id. at 397-398.

Further, to determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id.

In this case, Plaintiff has submitted an affidavit with bearing on this issue. [ECF No. 10 at 10]. Such an affidavit is the type of document the Court is to review in making this determination about personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Per the affidavit, Plaintiff claims to live and work in the area of Morgantown, West Virginia. Moreover, per the affidavit, Plaintiff asserts that many people to whom Defendant's alleged defamatory statements were published also are located in the same area. As such, according to Plaintiff, the alleged statements made by Defendant were aimed at people within this area of the Northern District of West Virginia. Thus, Plaintiff claims to have incurred a great deal of harm in this District.

Further, Plaintiff relies on his affidavit to show that Defendant has minimum contacts with the forum here, such that litigating the matter here comports with Due Process. Plaintiff asserts that Defendant lived in this District for her entire life until recently, and that Defendant directed her allegedly defamatory statements to individuals in this District. For Defendant to litigate the matter here does not offend concepts of fair play and substantial justice. Thus, taking the affidavit

and allegations in the Complaint into consideration, the undersigned **FINDS** that Plaintiff has made a *prima facie* showing that personal jurisdiction lies here.

### III. VENUE

The undersigned here determines that venue is appropriate in the Northern District of West Virginia. Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Under this statute, the issue is whether the court to which a party moves to transfer an action is one in which the action could have been brought in the first place. However, in this case, that is not the end of the inquiry. After all, as provided by statute:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, Plaintiff has alleged events, and resulting harm, which appear to have taken place substantially in the Northern District of West Virginia, per subsection (2) above, making venue appropriate in this District. Moreover, under subsection (3), above, which turns on the Court's personal jurisdiction, and per the analysis above as to the same, venue is appropriate in this District. While subsection (1) above would seem allow Plaintiff to bring the action in the Middle District of Florida, where Plaintiff resides, the statute does not require that. Rather, the

statute is crafted in the disjunctive, giving Plaintiff some option as to venue. Thus, nothing about this statute would compel transfer of this action to the United States District Court for the Middle District of Florida, and the Court is aware of no interpretive caselaw to the contrary. Thus, the undersigned **FINDS** that venue is appropriate in the Northern District of West Virginia.

### IV. SCHEDULING AS TO THIS ACTION'S NEXT PHASES

Defendant requests an unusually lengthy amount of time of notice – 60 days – before the Court schedules further proceedings should the Court not find in her favor. The undersigned **FINDS** that such delay is unnecessary in this context, nor is the undersigned aware of any authority directing such delay.

### V. CONCLUSION

Thus, based on the foregoing, the undersigned **RECOMMENDS** that Defendant's pending motion [ECF No. 7] be **GRANTED in part** insofar as it seeks additional time to file a responsive pleading. Accordingly, the undersigned further **RECOMMENDS** that Defendant be given a date certain 21 days from entry of an order dispensing with this Report and Recommendation to file a responsive pleading. Finally, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED in part** insofar as it seeks a determination that personal jurisdiction and venue are improper here, and insofar as it seeks 60 days' notice before scheduling further proceedings.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: March 16, 2021.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE