IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

BRIAN KNIGHT,

    Plaintiff,

v.                                                     Civil Action No. 1:20-CV-254
                                                    (JUDGE KLEEH)

CANDICE MCLAUGHLIN,

    Defendant.

**REPORT AND RECOMMENDATION RECOMMENDING THAT
PLAINTIFF'S MOTION FOR DEFAULT [ECF NO. 21] BE GRANTED**

    This matter is before the undersigned Magistrate Judge pursuant to a referral order [ECF No. 5] entered by Honorable United States District Judge Thomas S. Kleeh on December 3, 2020. Pending before the Court is Plaintiff's Motion for Default, filed on May 19, 2021. [ECF No. 21]. By Order to Show Cause entered on May 20, 2021 [ECF No. 22], the undersigned ordered Defendant to show cause, within fourteen (14) days of her receipt of the Order, why Plaintiff's pending motion should not be granted. Defendant received the Order on May 27, 2021. [ECF No. 23]. Thus, Defendant's deadline to show cause lapsed on June 7, 2021. Defendant has filed nothing with the Court to show cause.[1]

    Under the Federal Rules of Civil Procedure, when a party such as Defendant here fails to defend as directed and required, the party seeking default against such party may file a motion for such relief, whereupon the Court may conduct proceedings to determine damages at issue. See Fed. R. Civ. P. 55(b)(2)(B); see generally U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Here,

---

[1] As noted in the Order to Show Cause [ECF No. 22], the undersigned had conducted a Scheduling Conference on May 7, 2021 [ECF No. 18] at which Defendant appeared. At the Status Conference, the undersigned reviewed with Defendant the deadline to file a responsive pleading, and the importance of the deadline and the consequences which may result for failure to file a responsive pleading. On the record, Defendant stated that she understood all of this.

1

Defendant has been given every opportunity to appear and defend against the claim lodged against her. In fact, Defendant has been provided an extended deadline to file a responsive pleading [ECF No. 16 at 3], and has been informed in writing that failure to file a responsive pleading will result in this recommendation that a default may be entered against her, which ultimately may result in a finding of damages. [ECF No. 22 at 2]. In fact, the undersigned also verbally informed Defendant of these serious consequences at the above-noted Status Conference. Nonetheless, Defendant has been hands-off as to this important aspect of this case.

Thus, based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's pending motion [ECF No. 21] be **GRANTED** so as to result in entry of default against Defendant.[2]

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

---

[2] The undersigned distinguishes between entry of default here at this stage of the matter, and the potential for an ultimate entry of judgment against a party.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: June 8, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE