IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN KNIGHT,**

    **Plaintiff,**

  v.                                                  Civil Action No. 1:20CV254

**CANDICE MCLAUGHLIN,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 24]**

On November 9, 2020, the Plaintiff, by counsel, filed a Complaint alleging one count of defamation against pro se Defendant Candice McLaughlin ("Defendant"). Compl., ECF No. 1. On December 14, 2020, Defendant filed "Motion to Dismiss for Lack of Personal Jurisdiction and Motion for Change of Venue and Motion for Extension of Time to File Responsive Pleading until Preliminary Matters are Resolved." ECF No. 7. Plaintiff filed a response in opposition to the Motion. ECF No. 10. The Court adopted the Report and Recommendation [ECF No. 12] granting in part and denying in part the Motion to Dismiss [ECF No. 7]. The Court found that (1) this District Court has personal jurisdiction over the Defendant, and denied in part the Motion as to that ground; (2) venue is proper in the Northern District of West Virginia, and denied in part the Motion as to that ground; and (3) additional time on behalf of the Defendant is needed to file a responsive pleading, and granted in part the Motion as to that ground, scheduling

Defendant's deadline to file a responsive pleading on or before 5:00 p.m. on May 17, 2021. To this date, Defendant has filed no responsive pleading.

On May 19, 2021, Plaintiff filed a Motion for Default Judgment [ECF No. 21] wherein he requests judgment against Defendant and a hearing to determine the damages amount pursuant to Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On June 8, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court grant the Motion for Default. ECF No. 24.

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Specifically, the magistrate judge gave the parties fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that the R&R

was sent to the Defendant by certified mail, return receipt requested. ECF Nos. 25, 26. The return receipt was accepted by an agent upon delivery, signed and dated June 12, 2021. ECF No. 25. The envelope was returned marked as "return to sender, attempted – not known, unable to forward" on June 25, 2021. ECF No. 26. To date, no objections to the R&R have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 24]. The Motion for Default is **GRANTED** [ECF No. 21]. The Court **ORDERS** the Magistrate Judge Aloi, who is designated and authorized to consider the record and do all things proper to render a decision, to

determine damages pursuant to Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure. The magistrate judge may, without limitation, conduct a hearing if necessary, and enter into the record written order disposing of the motion.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Plaintiff via certified mail, return receipt requested, and to the Honorable Michael J. Aloi, United States Magistrate Judge.

**DATED:** August 9, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE